## JOSEPH MITCHELL *vs.* HUGH S. McNABB.

*Debt—action of, when it will not lie.*

An action of debt will not lie upon a sealed instrument wherein is contained no promise to pay any sum of money under any terms or conditions, but a bill of sale of certain tools used in and about the boot and shoe business, together with the vendor's good-will, and an agreement "not to carry on the boot and shoe business in the city of Portland for one year from the date hereof."

ON EXCEPTIONS to the ruling of Goddard, J., of the superior court for the county of Cumberland.

DEBT, "for that the said defendant, at said Portland, on the 30th day of May, A. D. 1870, by his writing obligatory of that date, sealed with his seal and here in court to be produced, therein sold to the plaintiff the good-will of his business, and therein agreed not to carry on the boot and shoe business in the city of Portland for one year from the date thereof. Yet the said defendant, not regarding his said agreement, did again commence the boot and shoe business in said city of Portland, on the first day of July thereafter, and hath continued to carry on the boot and shoe business in said city of Portland, from said first day of July to the day of the purchase of this writ. And the plaintiff avers that the said defendant, by not keeping his said agreement, has damaged him in his business the sum of two hundred dollars."

To this declaration the defendant filed a general demurrer which the plaintiff joined. The presiding judge sustained the demurrer and adjudged the declaration bad; whereupon the plaintiff alleged exceptions.

The instrument declared on was a formal bill of sale, under seal, with covenants in the usual form, of certain tools used in and about the manufacture of boots and shoes, "together with the good-will of" the vendor's "business." Then followed the agreement, "and I hereby agree not to carry on the boot and shoe business in said city for one year from the date hereof."

The case was not entered upon the district docket, but was certified directly to the chief justice, in accordance with the statute.

*W. H. Vinton*, for the plaintiff, cited 1 Chit. Pl. 108, 118; *Norris* v. *School District*, 12 Maine, 298; *McVicker* v. *Budy*, 31 Maine, 318; *Smith* v. *First Cong. Meeting-house*, 8 Pick. 178.

*A. A. Strout & H. C. Peabody*, for the defendant.

APPLETON, C. J. This is an action of debt. The writ is dated Oct. 14, 1870. The declaration sets forth an agreement, under seal, signed by the defendant, in and by which he "agreed not to carry on the boot and shoe business in the city of Portland for one year," from May 31, 1870, and an averment that from the first day of July he "continued to carry on the boot and shoe business in said city of Portland to the day of the purchase of this writ." To this the defendant demurred, the demurrer was sustained, and the plaintiff excepted. The question presented is whether debt is maintainable.

The declaration sets forth no promise to pay any money under any terms or conditions, but simply an agreement to abstain from selling boots and shoes at a particular place and for a stipulated time, and a violation of such agreement. The damages in such case must obviously be uncertain and unliquidated.

Debt lies when one is entitled to receive a certain and liquidated sum of money, or in case of a bond for the payment of money, or the performance of some act under a penalty, or for goods sold and delivered, etc. "Debt," remarks Richardson, C. J., in *Lowell* v. *Bellows*, 7 N. H. 391, "is the proper action, whenever the demand is for a sum certain, or is capable of being readily reduced to a certainty; but it is not the proper remedy when the demand is rather for unliquidated damages than for money, unless the performance of the contract is secured by a penalty. 1 Chit. Pl. 101." "The true test," remarks Story, J., in *Bullard* v. *Bell*, 1 Mason, 543, "is, therefore, whether the sum to be recovered has, upon the contract itself, a legal certainty." Debt "lies only for the recovery of a

sum of money *in numero*, and not where the damages are unliquidated and incapable of being reduced by averment to a certainty." 1 Chit. Pl. 113. Debt will not lie on a contract of indemnity against unliquidated or unascertained damages. *Flannagan* v. *Com. Ins. Co.*, 1 Dutch. (N. J.) 506; *Rutan* v. *Hopper*, 5 Dutch. (N. J.) 112. As the action of debt is for the recovery of a sum of money, the breach or cause of action complained of must necessarily originate out of the non-payment of the money previously alleged to be payable. But here there was not and could not be the allegation of any sum of money which the defendant was bound to pay, and for the neglect to pay which he should be held responsible in damages.                        *Exceptions overruled.*

CUTTING, KENT, WALTON, and TAPLEY, JJ., concurred.